Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 JUL -5 PM 1: 35

COURT



# IN THE SUPERIOR COURT OF GUAM

CAROL T. SOMERFLECK, member in good standing of the Guam Federation of Teachers

Petitioner,

vs.

MATHEW RECTOR, TIMOTHY FEDENKO, SANJAY SHARMA, JAMES A.C. LUJAN, ALBERT PEREZ, RICHARD PEREZ, ANTOINETTE M. CORTEZ, MARIE Q. TENORIO, JOHN PENAFLOR, TOMMY ARCEO, ANGIE ANTENDIDO, MARGRIT ATALIG, JENNIFER URO, NEETI PRAKASH, CORAZON MUCHO, THERESA FLORES, BARBARA JANSSEN, JOHN C. MENO, FRANCES RIVERA, LANCE LORD, JOAQUIN L.G. TAYAMA, DAVID TEIXEIRA, JEREMY NAUTA, and JERRY SANCHEZ, as members of the Executive Council of the Guam Federation of Teachers

Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Special Proceedings
Case No. SP0205-11

**Decision and Order re: Petition for Alternative Writ of Mandate**

## INTRODUCTION

This matter is before the Honorable Alberto C. Lamorena III on Carol T. Somerfleck's Petition for Alternative Writ of Mandate and Respondents' Motion to Remove Attorney Somerfleck as the Attorney for the Petitioner. Attorney Daniel S. Somerfleck represents Petitioner. Attorney William B. Pole represents

Respondents. After due consideration of the Petition, the parties' arguments, and the applicable law, the Court now issues its decision denying the Petition.

## FACTUAL BACKGROUND

Petitioner filed this Petition in an attempt to compel the Executive Council of the Guam Federation of Teachers ("Council") to act in accordance with procedures set forth in the Guam Federation of Teachers' ("GFT") Constitution. In September of 2010 GFT members in good standing submitted proposed Constitutional amendments to the Council. The Council attempted to hold a General Membership meeting on November 30, 2011 for the purpose of conducting an election on the amendments. However, the Council apparently did not follow the Constitutional procedures for providing notice of the meeting. Prior to the meeting date Petitioner informed the Council of its failure to provide proper notice.

Petitioner filed a Petition for Alternative Writ of Mandate on November 30, 2011 arguing that the actions of the Council in not following the GFT Constitution caused, and will continue to cause, irreparable harm to Petitioner, her fellow GFT members, and the GFT. Respondents filed an Answer in which they challenged the jurisdiction of this Court to issue the requested writ. Respondents argue 1) that the matters presented are preempted by federal law, which requires that issues involving a collective bargaining agreement be raised in federal district court or before the Secretary of Labor; 2) that Petitioner failed to exhaust her administrative remedies; and 3) that the matters are moot because the Council, realizing that the process was defective, took no action during its November 30, 2011 meeting.

A hearing was held before the Court on February 22, 2012 and the parties presented arguments regarding the Court's jurisdiction over this matter. The parties were also allowed to submit arguments in writing. After careful consideration of the arguments and the applicable law, this Court finds that it lacks subject matter jurisdiction, though the Court bases its decision not on federal

preemption grounds as Respondents request, but on Guam's own laws governing mandamus relief.

## DISCUSSION

There is no indication that the circumstances in this case necessitate the extraordinary remedy of writ relief, and because the issues are moot, this Court lacks subject matter jurisdiction and will not, therefore, grant the Petition.

This Court notes at the outset that the Petition here, captioned as a "Petition for Writ of Mandate," is improperly labeled. The writ of mandate will issue

> to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person.

7 Guam Code Ann. § 31202 (2005). Thus, under the writ of mandate a Court may only compel some affirmative act or admission. Despite the unique relief available under the writ of mandate, The Petition for Alternative Writ of Mandate in this case requests that the Court:

> 1.    Prohibit the Respondent's from conducting any discussion or vote regarding proposed Amendments to the Guam Federation of Teachers Constitution until notification by U.S. Mail is provided to each member of the GFT no less than ten (10) working days prior to the intended meeting to vote on such Amendments.

> 2.    Declare void any Amendments to the GFT [sic] which did not obtain two-thirds (2/3) votes of the members of GFT or the equivalent in written assents.

Rather than requesting that the Court compel some particular performance by the Council stemming from a present duty on the part of the Council to act, the Petition here effectively seeks an injunction *preventing* the Council from taking action unless and until it complies with certain procedures outlined in the GFT's Constitution.

In contrast to mandamus relief, the writ of prohibition, which is the counterpart of the writ of mandate, may be issued to command a party to desist or refrain from further proceedings in the action or matter specified within the Petition. In the present case, the writ of prohibition, as opposed to a writ of mandate, is the proper vehicle by which an individual may seek to compel the type of nonperformance that Petitioner seeks in this matter. While the distinction in labels is readily apparent in Guam's statutes, the Guam Supreme Court has held that "the formal title of the writ . . . is not determinative of its propriety as much as its contents and the prayer for relief." DCK Pacific v. Quiambao, 2010 Guam 16, ¶ 14. Thus, a court should not dismiss a writ on procedural grounds even if it has been mislabeled. Id.

However, even treating the Petition here as a writ of prohibition consistent with the prayer for relief, it is apparent that there is no current controversy necessitating writ relief; therefore, the matter is moot. A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1984); see also Guam Election Comm'n v. Responsible Choices for all Adults Coal., 2007 Guam 20 ¶ 31 ("A matter may be considered moot when the court cannot grant effective relief in favor of the petitioner."). When a case becomes moot, the court loses subject matter jurisdiction. See Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 11 L.Ed.2d 347 (1964) ("Our lack of jurisdiction to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."); Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003) ("Mootness is a jurisdictional issue.").

At the February 22 hearing before this Court Petitioner acknowledged that the Council took no action with respect to the amendments at the November 30 meeting and that there is no current controversy with respect to elections on those

amendments. However, Petitioner claims that the Councils' act of merely calling an improper meeting for a vote on the amendments is capable of repetition yet evading review and that the Court should therefore grant the writ. Indeed, it is true that even if no 'live' issue remains, "[a] controversy is not moot . . . when the case 'presents issues capable of repetition yet evading review.'" Guam Election Comm'n v. Responsible Choices for all Adults Coal., 2007 Guam 20 ¶ 31 (quoting Guam Publ'ns, Inc. v.Super. Ct., 1996 Guam 6 ¶ 9). The Guam Supreme Court has held that "this exception applies when: '(1) the challenged action is too short in duration to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will again be subject to the same action.'" Id. (quoting ACLU v. Lomax, 471 F.3d 1010, 1017 (9th Cir. 2006)).

As to the second element of the exception, the action for which Petitioner has expressed concerns—namely, voting on the amendments at an improperly called meeting—never materialized and there is nothing to support any speculation that the Council is likely to hold an improper meeting in the future. Indeed, there is no indication in the record that the Council has ever acted contrary to law with respect to taking action at an unsanctioned meeting. Once the Council realized that it had not given the required notice of the meeting, the Council acted properly in taking no further action.

The Council remains bound by the provisions and procedures set forth in the GFT's Constitution and the Council's past actions are indicative of its intent to comply with the GFT's governing documents. Thus, there is simply no support for Petitioner's claim that the challenged action is likely to be repeated. The matter is, therefore, moot and does not present a controversy necessitating writ relief, which constitutes an extraordinary remedy that should granted only in extreme situations. Guam Publ'ns, Inc. v. Super. Ct. (Bruneman), 1996 Guam 6 ¶ 10 (referring to the extraordinary remedy afforded under the writ of mandate—the counterpart to the writ of prohibition).

Having determined that there is no current controversy necessitating writ relief, this Court need not discuss whether Petitioner had alternative remedies available to her, thereby negating the need for this Court to issue the extraordinary relief afforded by the writ of mandate.

Finally, due to this Court's denial of the Petition there is no need to consider Respondents' Motion to Remove Attorney Somerfleck as Counsel for Petitioner.

## CONCLUSION

There has been no apparent improper action on the part of the Council or any indication that future abuse of process by the Council is likely. Based on the foregoing, this court lacks jurisdiction over the subject matter and the Petition for Alternative Writ of Mandate is hereby **DENIED**.

It is **SO ORDERED** this _____ day of _____, 2012

JUL 0 5 2012

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JUL 0 5 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

ORIGINAL